IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | | |
|---|---|---|
| IN RE NORTEL NETWORKS<br>CORP. "ERISA" LITIGATION | )<br>)<br>)<br>)<br>)<br>)<br>) | MDL DOCKET NO. 3:03-MDL-1537<br>Judge Nixon<br>Magistrate Judge Knowles<br><br>This Document Relates To: All Cases |

## ORDER

Pending before the Court is the Nortel Defendants' ("Defendants") Renewed Suggestion of Bankruptcy and Emergency Motion to Stay All Proceedings and Rescind Any Actions Inconsistent With the Bankruptcy Stay ("Motion to Stay") (Doc. No. 266). Plaintiff filed a Response (Doc. No. 268). For the following reasons, Defendants' Motion to Stay is **GRANTED in part.**

This ERISA litigation was consolidated in the Middle District of Tennessee in 2003. On January 14, 2009, Nortel Networks Corporation, et al., filed for bankruptcy relief under Chapter 11 in the United States Bankruptcy Court for the District of Delaware (Case No. 09-10139 KG) as well as in the Superior Court of Justice – Ontario (Commercial List). (See Doc. No. 265, at 1). Defendants subsequently submitted to this Court a Suggestion of Bankruptcy and

Applicability of the Automatic Stay Under 11 U.S.C. § 362 (Doc. No. 253) and a Notice of Filing (Doc. No. 254) attaching a copy of the Delaware Bankruptcy Court's Order Granting Recognition and Related Relief ("Recognition Order") adopting the Canadian Bankruptcy Court's Order staying all proceedings against Defendants Nortel Networks Corporation, Nortel Networks Limited, and any proceedings:

> commenced or continued against any of the former, current or future directors or officers of the Applicants with respect to any claim against the directors or officers that arose before the date hereof and relates to any obligation of the Applicants whereby the directors or officers are alleged under any law to be liable in their capacity as directors or officers.

(See id., Ex. A., at Ex. 1). In response, by his March 5, 2009 Order, Magistrate Judge Bryant stayed all further proceedings in the case ("Magistrate Bryant's Order"). (See Doc. No. 255).

In response to Magistrate Bryant's Order, Plaintiffs argued that while the Delaware and Canadian bankruptcy stays applied to the corporate Nortel Defendants, the stays did not apply to the twenty-eight individual Nortel Defendants. (See Doc. No. 256). Defendants responded asserting that the stay applied to all Defendants (See Doc. No. 257). The Parties eventually briefed this issue in the Ontario Court and, on August 18, 2009, Justice Morawetz specifically held that the stay applied to the individual Nortel defendants as well as the corporate defendants. (See Doc. No. 263, Ex A., at 7). Plaintiffs now concede that the Recognition Order, along with the recent Canadian clarification decision, result in the Canadian stay's applicability to all Defendants in this case. (See Doc. No. 268). Therefore, Defendants' Motion to Stay is **GRANTED** and Magistrate Bryant's Order is **UPHELD** and further proceedings in this case are **STAYED** pending the outcome of the bankruptcy proceedings.

However, Defendants also request that this Court rescind any actions inconsistent with

the bankruptcy stay. (See Doc. No. 265). Per this Court's Order (Doc. No. 259), Magistrate Judge Bryant issued a Report and Recommendation ("Report") addressing Plaintiff's Motion for Class Certification and directing any party to file any written objections to the Report within ten (10) days of receipt. (Doc. No. 37). This Court then suspended all deadlines to respond to that Report pending its decision on the Motion to Stay. (Doc. No. 267). Defendants now argue that issuance of the Report is inconsistent with the bankruptcy stay and pray that the Court will rescind and set aside that Report.

A district court judge may "designate a magistrate judge to . . . submit to a judge of the court proposed findings of fact and recommendations for the disposition, by a judge of [a motion to dismiss or permit maintenance of a class action]." 28 U.S.C. § 636(b)(1)(B) (2005). A report and recommendation issued by a magistrate judge does not have the force of law; rather a district judge then reviews such a report de novo and then enters an order adopting or rejecting its findings. Id.; Brown v. Wesley's Quaker Maid, Inc., 771 F.2d 952, 954 (6th Cir. 1985) (for matters referred under 28 U.S.C. § 636(b)(1)(B), the magistrate "does not rule directly on such a motion, but rather must file a report containing findings of fact and recommendations for the assistance of the direct judge who makes the ruling"). Magistrate Bryant issued his Report on September 2, 2009. This Court has not entered an Order either adopting or denying this Report. Therefore, no action has been taken in this case regarding the Motion for Class Certification (Doc. No. 37) or the Amended Motion for Class Certification (Doc. No. 98). Defendants' request to have the Report rescinded and set aside is **DENIED**.

Due to the bankruptcy stay, the Court **ORDERS** the present action **ADMINISTRATIVELY CLOSED**. The deadline to respond to the Report is **SUSPENDED**

-3-

Case 3:03-md-01537    Document 269    Filed 09/25/2009    Page 3 of 4

until further action by the Parties to reopen the case. The Court will set a response deadline, if applicable, at that time.

It is so ORDERED.

Entered this 25 day of September, 2009.

JOHN T. NIXON, SENIOR JUDGE
UNITED STATES DISTRICT COURT